23-1140 (L)
*Johnson v. Hartford Life and Accident Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

MELINDA L. JOHNSON,

> *Plaintiff-Appellant,*

v.

HARTFORD LIFE AND ACCIDENT INS. CO.,

> *Defendant-Appellee.**

23-1140 (Lead)
24-957 (Con)

---

FOR PLAINTIFF-APPELLANT:    Mark L. Schulman, Law Office of Mark Lewis Schulman, Monticello, NY.

FOR DEFENDANT-APPELLEE:    Patrick W. Begos, Gregory J. Bennici, Robinson & Cole LLP, Stamford, CT.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Melinda Johnson worked as a registered nurse for The Center for Discovery. Her employer provided a welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and issued by Defendant-Appellee Hartford Life and Accident Insurance Company ("Hartford"). In 2008, Johnson applied for long-term disability benefits. Hartford approved the claim and paid her long-term disability benefits from September 2008 until November 2018, when it informed Johnson that it would terminate her benefits. After Hartford denied her administrative appeal, Johnson filed a complaint in federal court, seeking continuing long-term disability benefits under the Plan. Johnson and Hartford filed cross-motions for summary judgment. The district court denied Johnson's motion and granted Hartford's motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016) (quotation marks omitted). "A denial of benefits challenged under ERISA § 502(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for

2

benefits or to construe the terms of the plan." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2d Cir. 2008) (cleaned up). "If the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary and capricious standard." *Id.* "Under the arbitrary and capricious standard of review, we may overturn a decision to deny benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (quotation marks omitted). "Substantial evidence in turn is such evidence that a reasonable mind might accept as adequate to support the conclusion" and "requires more than a scintilla but less than a preponderance." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (quotation marks omitted).

Here, the Plan gave Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy." App'x at 59. As such, we must defer to Hartford's decision unless it was arbitrary and capricious. We conclude that it was not.

Substantial evidence supports Hartford's denial of Johnson's claim for long-term disability benefits. Hartford conducted an Employability Analysis, which identified several occupations that matched Johnson's functional capabilities and qualifications. Hartford also interviewed Johnson, surveilled her daily activities, and reviewed treatment records from her primary physicians. And Hartford obtained four independent medical reviews, all of which reinforced the decision to terminate Johnson's benefits. In October 2018, Dr. Goodman found that Johnson had the "physical capability of performing full time sedentary work activity." App'x at 132. In November 2018, Dr. Acenas found that Johnson "did not have psychological conditions resulting [in] impairment in function sufficient to limit work activity." *Id*. at 150. In June 2019, Dr.

3

Padiyar found that the "evidence does not suggest that she suffers from a medical condition or combination of conditions of such severity to warrant the placement of restrictions/limitations on her activities." *Id.* at 141. And that same month, Dr. Valiulis found that "[f]rom a psychiatric perspective, the claimant is capable of performing work functions eight hours per day 40 hours per week." *Id.* at 146.

On appeal, Johnson offers three primary arguments for why Hartford's decision was "fundamentally and completely without any objective medical basis." Appellant's Br. at 36. Each one fails.

First, Johnson objects to the fact that Dr. Goodman examined her for fewer than thirty minutes and that Dr. Acenas, Dr. Padiyar, and Dr. Valiulis never examined her in person. But we have accepted "the commonplace practice of doctors arriving at professional opinions after reviewing medical files." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 91 (2d Cir. 2009) (quotation marks omitted). And the question before us is not whether Hartford made the "correct" decision, but whether it had a "reasonable basis for the decision that it made." *Id.* at 89 (quotation marks omitted). Here, it was reasonable for Hartford to rely on independent reviews— along with surveillance footage, an interview, treatment records, and an Employability Analysis— in concluding that Johnson remained capable of sedentary work.

Second, Johnson argues that Hartford ignored five work-related accidents that she suffered before 2007. That is incorrect. Johnson discussed her injury history during her May 2018 interview with Hartford. Dr. Goodman noted in his independent medical examination that "[t]he reason why she stopped working is because of work related injuries she sustained dating back to 1992." App'x at 127. And Dr. Acenas did the same, explaining that Johnson's first work injury

4

occurred in the 1990s.   Hartford's decision thus accounted for Johnson's medical history and current conditions.

Third, Johnson points to a letter from her chiropractor noting that Johnson "cannot work in any functional capacity."   App'x at 185.   But "the mere fact of conflicting evidence does not render the administrator's conclusion arbitrary and capricious."   *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 212 (2d Cir. 2015).   Indeed, "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician."   *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

\*     \*     \*

We have considered all of Johnson's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court